UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY



CASE NO. 00-6229



BOEING EMPLOYEE'S CREDIT UNION, a Washington corporation,

    Plaintiff,

vs.

P/V GLOBAL VILLAGE, O.N. 994536, her engines, tackle and appurtenances, In rem, and CHARLES E. THOMAS, In personam,

    Defendants.
_____/

CIV - UNGARO - BENAGES

MAGISTRATE JUDGE
BROWN

## MOTION FOR APPOINTMENT OF A SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule E(10)(c), Plaintiff, BOEING EMPLOYEE'S CREDIT UNION, by and through its undersigned counsel, represents the following:

1. On or about February 16, 2000, Plaintiff initiated the above-styled cause against the pleasure vessel GLOBAL VILLAGE, O.N. 994536, her engine, tackle, equipment and appurtenances.

2. On or about February 16, 2000, the Clerk of the District Court issued a Warrant of Arrest against the Pleasure Vessel GLOBAL VILLAGE, O.N. 994536, directing the U.S. Marshal to take custody of the vessel and to retain custody of the vessel pending further order of this Court.

3. Subsequent to the issuance of the Warrant of Arrest the Marshal will take steps to immediately seize the vessel. Thereafter, continual custody by the Marshal will require the services

CASE NO.

of at least one custodian at substantial cost.

4. Subject to the approval of the Court, the proposed substitute custodian National Liquidators, 1915 S.W. 21st Avenue, Ft. Lauderdale, Florida, is prepared to provide insurance, security, wharfage, and routine services for the safekeeping of the vessel at a cost substantially less than that presently required by the Marshal. The substitute custodian has also agreed to continue to provide these services pending further order of this Court.

5. National Liquidators has adequate facilities for the care, maintenance and security of the vessel, and insurance in the amount, form and substance required by the Court. In discharging its obligations the substitute custodian shall comply with all orders of the Captain of the Port, United States Coast Guard including, but not limited to, an order to move the vessel and any applicable federal, state and local laws and regulations pertaining to vessel and port safety.

6. National Liquidators has previously, and is presently, serving as a substitute custodian in the Southern District of Florida.

7. Concurrent with the Court's approval of the Motion for Appointment of Substitute Custodian, the Plaintiff and the substitute custodian will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule E(10)(c)(2).

THEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the indemnification agreement noted in paragraph (7) above, Plaintiff requests this Court to enter an order appointing National Liquidators as the substitute custodian for the pleasure vessel GLOBAL VILLAGE.

CASE NO.

DATED this _16_ day of _February_ 2000 at Fort Lauderdale, Broward County, Florida.

_____
NILS LINFORS, JR.
Florida Bar No. 193257

HORR, LINFORS, SKIPP & NOVAK, P.A.
9100 South Dadeland Boulevard
One Datran Center - Suite 1001
Miami, Florida 33156
Telephone: (305)670-2525

cc: Substitute Custodian