UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY



CASE NO. 00-6229-CIV-UNGARO-BENAGES
Magistrate Judge Brown

BOEING EMPLOYEE'S CREDIT
UNION, a Washington corporation,

    Plaintiff,

vs.

P/V GLOBAL VILLAGE, O.N. 994536,
her engines, tackle and appurtenances, In rem,
and CHARLES E. THOMAS, In personam,

    Defendants.
_____/

## RESPONSE TO COURT ORDER

COMES NOW, the Plaintiff, BOEING EMPLOYEES' CREDIT UNION, by and through its undersigned counsel and responds to this Court's Order of May 8, 2000 as follows:

1. Subsequent to filing the Request for Entry of Default against P/V GLOBAL VILLAGE, O.N. 994536, and CHARLES E. THOMAS and the issuance of the Clerk's Default in this Court on April 17, 2000, Plaintiff and its counsel became aware of a Bankruptcy action filed by CHARLES E. THOMAS in Houston, Texas.

2. We contacted the Bankruptcy Court for the Southern District of Texas (Houston) and found out that indeed a Chapter 7 Bankruptcy Petition was filed by Debtor CHARLES E. THOMAS on April 3, 2000. We requested copies of the pleadings.

3. When we received copies of the Bankruptcy pleadings we filed a Notice of Filing Chapter 7 Bankruptcy by Defendant CHARLES E. THOMAS with this Court on May 11, 2000.

4. Pursuant to 11 USC §362 the automatic stay of the Bankruptcy Court is applicable

CASE NO. 00-6229-CIV-UNGARO-BENAGES
Page 2

to the *In Rem* proceedings in this Court. Any deliberate act taken in violation of the automatic stay, which the violator knows to be in existence, justifies an award of actual sanctions, additional finding of malicious or bad faith on the part of the offender warrants further imposition of punitive damages. In Rem Crysen/Montenay Energy, Co., C.A. 2 (N.Y.) 1990, 902 F.2d. 1098. Where the attorney for the creditor was informed of the pendency of the automatic stay, the attorney was obligated to contact the bankruptcy court to ascertain whether the order had in fact been entered and the attorney was obligated to obey it, and when he failed to stop the eviction proceedings initiated by the creditor, the attorney was properly held in contempt. Matter of Carter, C.A. Mo. 1982, 691 F.2d 390.

5. We are in the process of preparing a Notice of Filing Clerk's Default and Motion for Lift of Automatic Stay in the Bankruptcy Court in the Southern District of Texas (Houston) for Case No. 00-33165 In Re: Charles E. Thomas, Debtor, in order for us to proceed with the in rem foreclosure action of the P/V GLOBAL VILLAGE, O.N. 994536 in this Court.

6. We will file a copy of the Motion for Lift of Automatic Stay in this Court and keep this Court apprised of our efforts to lift the automatic stay. Once the automatic stay is lifted we will move for final default judgment with this Court and proceed with the *In Rem* proceedings.

Respectfully submitted,

NILS LINFORS, JR.           5/17/00
Florida Bar No. 193257

HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Plaintiff
9100 South Dadeland Boulevard
One Datran Center - Suite 1001
Miami, Florida 33156
Telephone: (305)670-2525
Telefax: (305) 670-2526