UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

BOEING EMPLOYEE'S CREDIT
UNION, a Washington corporation,

        Plaintiff,

vs.

P/V GLOBAL VILLAGE, O.N. 994536,
her engines, tackle and appurtenances, In rem,
and CHARLES E. THOMAS, In personam,

        Defendants.
_____/

CASE NO. 00-6229-CIV-UNGARO-BENAGES
Magistrate Judge Brown

**NOTICE OF FILING PLAINTIFF BOEING EMPLOYEES' CREDIT
UNION'S NOTICE OF FILING CLERK'S DEFAULT AND MOTION
FOR LIFT OF AUTOMATIC STAY IN UNITED STATES
BANKRUPTCY COURT, HOUSTON, TEXAS**

COMES NOW, the Plaintiff, BOEING EMPLOYEES' CREDIT UNION, by and through its undersigned counsel and files this Notice of Filing Clerks' Default, which was issued in this case, 00-6229-CIV-UNGARO-BENAGES and Motion for Lift of Automatic Stay which were filed with the United States Bankruptcy Court, Southern District of Texas (Houston) in Case No. 00-33165, In Re: Charles E. Thomas, Debtor.

Respectfully submitted,

NILS LINFORS, JR.
Florida Bar No. 193257

HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Plaintiff
9100 South Dadeland Boulevard
One Datran Center - Suite 1001
Miami, Florida 33156
Telephone: (305)670-2525
Telefax: (305) 670-2526

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS (HOUSTON)

CASE NO. 00-33165

IN RE:

CHARLES E. THOMAS

    Debtor.
_____/

## NOTICE OF FILING CLERK'S DEFAULT AND MOTION FOR LIFT OF AUTOMATIC STAY

BOEING EMPLOYEE'S CREDIT UNION, advises the Court of the pending admiralty action in the United States District Court for the Southern District of Florida, Case No. 00-6229-CIV-UNGARO-BENAGES wherein BOEING EMPLOYEES CREDIT UNION, a Washington corporation filed suit against the P/V GLOBAL VILLAGE, O.N. 994536, her engines, tackle and appurtenances In Rem, and CHARLES E. THOMAS, In Personam, and requests a lift of the automatic stay to proceed with the In Rem foreclosure action of the pleasure vessel *GLOBAL VILLAGE,* O.N. 994536 and as grounds therefore states as follows:

    1.    On February 18, 2000 the United States Marshal arrested the P/V GLOBAL VILLAGE, O.N. 994536, her engines, tackle, equipment and appurtenances, by serving a Warrant of Arrest on the vessel. The subject vessel was seized, inventory taken and turned over to the Court Appointed Substitute Custodian.

    2.    Plaintiff, BOEING EMPLOYEES CREDIT UNION, gave notice of the action to the Defendant, CHARLES E. THOMAS on February 18, 2000 by mailing a copy of the verified complaint and its attachments, (copy attached hereto) advising the Defendant the GLOBAL VILLAGE had been arrested and was in the custody of the Court pleading sale of the vessel, by certified mail-return requested, which was executed by the Defendant, CHARLES E. THOMAS on March 2, 2000.

CASE NO. 00-33165
Page 2

3. Plaintiff again advised Defendant, CHARLES E. THOMAS on March 7, 2000, that neither the Court nor the Plaintiff had received a Claim of Owner nor any response to the verified complaint and advised CHARLES E. THOMAS that Plaintiff would move the Court for Default Judgment.

4. No Claim of Owner to the vessel was filed within ten (10) days after the arrest of the vessel, as required by Supplemental Rule C, public notice of the arrest and attachment was published in the Broward Daily Business Review on March 14, 2000.

5. A certified copy of the U.S. Coast Guard Abstract of Title indicates at the time of filing Plaintiff's action on February 16, 2000, the owner of the P/V GLOBAL VILLAGE, O.N. 994536 was and is CHARLES E. THOMAS and the only recorded lien against P/V GLOBAL VILLAGE is the Plaintiff's First Preferred Mortgage.

6. The Defendants, P/V GLOBAL VILLAGE and CHARLES E. THOMAS failed to serve an answer to the verified complaint within twenty (20) days after attachment was required by Supplemental Admiralty Rule B.

7. More than thirty (30) days have transpired since the arrest and attachment of the Defendant vessel and no responsive pleading of any nature whatsoever has been filed with the Clerk or served on counsel for the Plaintiff by or on behalf of the Defendant P/V GLOBAL VILLAGE or CHARLES E. THOMAS.

8. No other persons have filed claims against the pleasure vessel GLOBAL VILLAGE.

9. Neither the owner nor any person has appeared to claim the Defendant vessel or answer the verified complaint and all such persons are in default.

10. As a result of the foregoing the Clerk of Court entered a default against Defendant CHARLES E. THOMAS, in personam, a default against the P/V GLOBAL VILLAGE, O.N.

994536, in rem on April 17, 2000.

## MOTION FOR LIFT OF AUTOMATIC STAY

1.  The GLOBAL VILLAGE is a pleasure yacht registered under the laws of the United States (Official No. 994536) owned by CHARLES E. THOMAS.

2.  On or about July 28, 1993, for valuable consideration, Defendant THOMAS made, executed and delivered a promissory note to BOEING EMPLOYEES' CREDIT UNION. The note, which was in the principal amount of $250,000, provided for monthly payments of principal and interest of $2,109.89 with interest accruing at the initial rate of six percent (6.00%) per annum. The first payment was to be made on August 28, 1993 and a similar payment was to be made on the 28th day of the month thereafter until the total amount due was paid. Along with the note, on or about that same date, Defendant THOMAS made, executed and delivered to BOEING EMPLOYEES' CREDIT UNION a form entitled "Consumer Variable Rate Addendum: Consumer Loans." Under the term of this form, Defendant THOMAS agreed that the interest rate on the loan would be adjusted semi-annually. The note and the Variable Rate Addendum are referred to collectively herein as the "Promissory Note." A copy of the Promissory Note is attached to the Complaint enclosed hereto and incorporated herein by this reference.

3.  On or about July 27, 1983, in order to secure payment under the terms of the Promissory Note, Defendant THOMAS, in accordance with and pursuant to the provisions of the Ship Mortgage Act of 1920, as amended, made, executed and delivered a Preferred Mortgage of Vessel on the Defendant vessel P/V GLOBAL VILLAGE, Official No. 994536 (the "Mortgage") to BOEING EMPLOYEES' CREDIT UNION, as mortgagee. At that same time, all things required to be done in order to give the Mortgage the status of a preferred mortgage were done. The Mortgage was recorded by the U.S. Coast Guard Vessel Documentation Office at the port of Seattle,

CASE NO. 00-33165
Page 4

Washington on August 18, 1993 in Book No. 93-8, page 282. A copy of the Mortgage is attached to the Complaint enclosed hereto and incorporated herein by this reference.

4. Defendant THOMAS has breached the terms of the Promissory Note and of the Mortgage in that he failed to make all of the payment due on November 28, 1999 and has failed to make all of the payments due since then, which failures constitute breaches of the terms of the Note and Mortgage. In spite of demand, Defendant THOMAS has failed to cure these defaults and has allowed them to continue.

5. As of January 31, 2000, there was a total of $181,446.99 in unpaid principal and interest due and owing on the loan. At the rate of interest set out in the Note, interest accrues at $36.1948 per day. Interest and costs are continuing to accrue.

6. The Promissory Note provides that Defendant THOMAS has agreed to pay the costs of collection incurred by Plaintiff, including reasonable attorneys' fees, foreclosure costs and other costs of collection, in addition to paying the balance due on the loan.

7. As a result of events and defaults committed by CHARLES E. THOMAS, BOEING EMPLOYEES' CREDIT UNION claimed a preferred mortgage lien on the GLOBAL VILLAGE pursuant the Ship's Mortgage Act, 46 U.S.C. §31321, et seq.

8. BOEING EMPLOYEES' CREDIT UNION's preferred maritime lien pursuant to the United States Ship's Mortgage Act, 46 U.S.C. §31321, et seq., is in the amount of $181,466.99 plus interest, attorney's fees and costs. As set forth in the attached Affidavit of G. Robert Toney the current market value of the pleasure vessel GLOBAL VILLAGE, O.N. 994536 is approximately $130,000 to $145,000 and BOEING EMPLOYEES' CREDIT UNION's preferred maritime lien greatly exceeds the value of the vessel. No other parties have filed a claim against the vessel. A sale of the vessel by the United States Marshal will not satisfy BOEING EMPLOYEES' CREDIT

CASE NO. 00-33165
Page 5

UNION's preferred maritime lien and there will be no equity in the vessel or proceeds from the sale to satisfy any unsecured debts of the P/V GLOBAL VILLAGE, O.N. 994536 and CHARLES E. THOMAS.

9. The Bankruptcy Court has discretion to grant relief from the automatic stay of proceedings. The Court may grant relief for cause, including a lack of adequate protection of an interest in property, if the debtor lacks equity in the property and the property is not needed for an effective reorganization. See, 11 U.S.C. §362(d). Relief from the stay is also possible in order to prevent "irreparable damage to the interest of an entity and property."

10. Here, the Debtor has no equity in the property and the property is not needed for an effective reorganization. Further, the condition of the property, a vessel, continues to deteriorate and the cost of dockage and maintaining of the vessel continues to accrue to the detriment of the secured creditor BOEING EMPLOYEES' CREDIT UNION. Relief from the automatic stay vests jurisdiction to sell the vessel and distribute the proceeds in the admiralty court, any surplus will be turned over to the bankruptcy estate for distribution by the bankruptcy court. See, In Re Prudential Lines, 69 B.R. 439, 451; 1987 AMC 2798, 2815 (Bankr. SDNY 1987).

11. In a simple Chapter 7 insolvency proceeding the goal of the bankruptcy court is to achieve a rapid liquidation and equitable distribution of the debtor's assets among his creditors. An admiralty court presiding over an in rem foreclosure proceeding likewise is concerned with the expeditious sale of an asset, namely a vessel. Since the admiralty court and bankruptcy court share consonant goals, the principle of comity embodied in the doctrine of custodia legis permits the court that first obtained custody of the asset to supervise its liquidation.

WHEREFORE, BOEING EMPLOYEES' CREDIT UNION respectfully requests the Court grant relief from the automatic stay and allow the United States District Court for the Southern

CASE NO. 00-33165
Page 6

District of Florida to proceed with the sale of the P/V GLOBAL VILLAGE, O.N. 994536 to avoid the continuing deterioration of the property and accrual of custodial fees. In the unlikely event the vessel sale exceeds the value BOEING EMPLOYEES' CREDIT UNION's preferred maritime lien, the proceeds may be deposited with this Court.

Respectfully submitted,

NILS LINFORS, JR.
Florida Bar No. 193257

HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Plaintiff
9100 South Dadeland Boulevard
One Datran Center - Suite 1001
Miami, Florida 33156
Telephone: (305)670-2525
Telefax: (305) 670-2526

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17 day of May, 2000 to: Charles E. Thomas, 1516 SE Beltway 8, #1913, Pasadena, Texas 77503 and Lowell T. Cage, Esq., 5851 San Felipe, Suite 950, Houston, Texas 77057, (Trustee), and Ronald D. Haddox, Esq., 1215 N. Pruett, Baytown, Texas 77520 (Attorney for Debtor).

NILS LINFORS, JR.
Florida Bar No. 193257

HORR, LINFORS, SKIPP & NOVAK, P.A.
SUITE 1001 - ONE DATRAN CENTER - 9100 S. DADELAND BOULEVARD - MIAMI, FLORIDA 33156 - TEL (305) 670-2525

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS (HOUSTON)

CASE NO. 00-33165

IN RE:

CHARLES E. THOMAS

       Debtor.
_____/

## AFFIDAVIT OF G. ROBERT TONEY

STATE OF FLORIDA    )
                             )ss
COUNTY OF BROWARD  )

BEFORE ME the undersigned authority personally appeared G. ROBERT TONEY who being duly sworn deposes and states as follows:

1. I am President/CEO of National Liquidators, the nation's largest vessel recovery and sales organization.

2. National Liquidators is the Court appointed substitute custodian of P/V GLOBAL VILLAGE, O.N. 994536 in the United States District Court, Southern District of Florida, Case No. 00-6229-CIV-UNGARO-BENAGES.

3. I deal with pleasure vessels, repossessions and sell the vessels and I am personally familiar with the market value of pleasure vessels such as the GLOBAL VILLAGE, O.N. 994536.

4. I am personally familiar with the P/V GLOBAL VILLAGE, a 1993 pleasure vessel documented under the laws of the United States Official Number 994536.

5. I have personally examined the P/V GLOBAL VILLAGE and I am personally familiar with the market for similar pleasure vessels.

6. I am of the opinion the pleasure vessel GLOBAL VILLAGE has a fair market value of $130,000 to $145,000.

FURTHER AFFIANT SAYETH NAUGHT.

_____
G. ROBERT TONEY

The foregoing instrument was executed before me by G. ROBERT TONEY for the purposes stated herein and that he is personally known to me or has produced _____ as identification.

SWORN TO AND SUBSCRIBED before me this `18` day of `May`, 2000.

_____
NOTARY PUBLIC, State of Florida
At Large

LAURA J WETHERINGTON
State of Florida
My Comm. Exp: 10/20/01
Comm#: CC688992

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY



CASE NO. 00-6229

CIV - UNGARO - BENAGES

MAGISTRATE JUDGE
BROWN

BOEING EMPLOYEE'S CREDIT
UNION, a Washington corporation,

Plaintiff,

vs.

P/V GLOBAL VILLAGE, O.N. 994536,
her engines, tackle and appurtenances, In rem,
and CHARLES E. THOMAS, In personam,

Defendants.
_____/

### VERIFIED COMPLAINT IN ADMIRALTY, IN REM, PURSUANT TO RULE 9(H)

Plaintiff, BOEING EMPLOYEE'S CREDIT UNION, a Washington corporation, by and through the undersigned attorneys, sues the pleasure vessel GLOBAL VILLAGE, its engines, tackle and appurtenances, In rem, and CHARLES E. THOMAS, In personam, to foreclose the First Preferred Mortgage for the P/V GLOBAL VILLAGE and states as follows:

1. This is an admiralty and maritime claim within the jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff, BOEING EMPLOYEES' CREDIT UNION, is a Washington corporation operating as a Credit Union under a charter issued by the State of Washington, with its principal place of business in Tukwila, King County, Washington. All licenses, penalties and fees due have been paid.

3. Plaintiff is informed and therefore believes that Defendant CHARLES E. THOMAS is presently a resident of Houston, Texas.

4.      The Defendant vessel, P/V GLOBAL VILLAGE, Official No. 994536, is a vessel duly documented under the laws of the United States. The vessel is owned by Defendant THOMAS. The vessel is presently moored in Pompano Beach, Florida and is now within this district and within the jurisdiction of this Court.

5.      On or about July 28, 19993, for valuable consideration, Defendant THOMAS made, executed, and delivered a promissory note to BOEING EMPLOYEES' CREDIT UNION. The note, which was in the principal amount of $250,005.00, provided for monthly payments of principal and interest of $2,109.89 with interest accruing at the initial rate of six percent (6.00%) per annum. The first payment was to be made on August 28, 1993 and a similar payment was to be made on the 28th day of each month thereafter until the total amount due was paid. Along with the note, on or about that same date, Defendant THOMAS made, executed and delivered to BOEING EMPLOYEES' CREDIT UNION a form entitled "Consumer Variable Rate Addendum: Consumer Loans." Under the term of this form, Defendant THOMAS agreed that the interest rate on the loan would be adjusted semi-annually. The note and the Variable Rate Addendum are referred to collectively herein as the "Promissory Note." A copy of the Promissory Note is attached hereto and incorporated herein by this reference.

6.      On or about July 27, 1983, in order to secure payment under the terms of the Promissory Note, Defendant THOMAS, in accordance with and pursuant to the provisions of the Ship Mortage Act of 1920, as amended, made, executed, and delivered a Preferred Mortgage of Vessel on the Defendant vessel P/V GLOBAL VILLAGE, Official No. 996536, (the "Mortgage") to BOEING EMPLOYEES' CREDIT UNION, as mortgagee. At that same time, all things required to be done on order to give the Mortgage the status of a preferred mortgage were done. The

Mortgage was recorded by the U.S. Coast Guard Vessel Documentation Office at the port of Seattle, Washington on August 18, 1993 in Book No. 93-8, page 282. A copy of the Mortgage is attached hereto and incorporated herein by this reference.

7.  Defendant THOMAS has breached the terms of the Promissory Note and of the Mortgage in that he failed to make all of the payment due on November 28, 1999 and has failed to make all of the payments due since then, which failures constitute breaches of the terms of the note and Mortgage. In spite of demand, Defendant THOMAS has failed to cure these defaults and has allowed them to continue.

8.  As of January 31, 2000, there was a total of $181,446.99 in unpaid principal and interest due and owing on the loan. At the rate of interest set out in the note, interest accrues at $36.1948 per day. Interest and costs are continuing to accrue.

9.  The Promissory Note provides that Defendant THOMAS has agreed to pay the costs of collection incurred by Plaintiff, including reasonable attorneys' fees, foreclosure costs and other costs of collection, in addition to paying the balance due on the loan.

10.  Reasonable attorneys' fees in the case of default are $5,000.00. If this matter is contested, additional fees and costs will be incurred.

WHEREFORE, Plaintiff, BOEING EMPLOYEES' CREDIT UNION, prays for judgment as follows:

1.  That Plaintiff be adjudged the holder of the first preferred marine mortgage on the P/V GLOBAL VILLAGE, Official No. 994536, for the payment of:

    a.  $181,466.99 together with accruing interest from January 31, 200 at the rate set forth in the Promissory Note;

HORR, LINFORS, SKIPP & NOVAK, P.A.
SUITE 1001 - ONE DATRAN CENTER - 9100 S. DADELAND BOULEVARD - MIAMI, FLORIDA 33156 - TEL (305) 670-2525

      b.      Post-judgment interest, at the rate set out in the Promissory Note, from the date of entry of judgment until paid;

      c.      All costs of this action, including charges for all fees for keepers and their costs incurred in this action and for all expenses for the arrest, movement, custody and sale of the Defendant vessel, her engines, tackle, apparel, furniture and equipment; and

      d.      Reasonable attorneys' fees.

2.      That process in due form of law issue against the Defendant vessel.

3.      That this Court declare the lien of the Mortgage to be superior to all other liens which may exist against the vessel.

4.      That the Mortgage be foreclosed and the Defendant vessel, P/V GLOBAL VILLAGE, Official No. 994536, her engines, tackle, apparel, furniture and equipment be sold in accordance with the law, that the proceeds of the sale be applied and delivered to pay demands and claims of Plaintiff in the amount and to the extent set forth herein, together with all costs and attorneys' fees, and that it be declared that any and all persons, firms or corporations claiming any interest in the Defendant vessel be forever foreclosed of and from all rights of equity or redemption of claim in or to the Defendant vessel.

5.      That, at the sale of the P/V GLOBAL VILLAGE, Official No. 994536, her engines and equipment, etc., Plaintiff be permitted to bid without cash deposit, up to the extent of its judgment. In the event that such bid is the highest and best bid, that such amount be credited on the judgment entered herein.

6.      That Plaintiff have and recover from Defendant THOMAS any deficiency after the application and delivery of the net proceeds of sale on the Defendant vessel, her engines, equipment,

etc. on the judgment above requested.

7.    That Plaintiff have such other and further relief in the premises and in law and justice as it may be entitled to receive.

Dated this _16th_ day of _February_, 2000.

Respectfully submitted,

HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Defendants
One Datran Center, Suite 1001
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525

_____
NILS LINFORS, JR
Florida Bar No.: 193257

> Certified to be a true and correct copy of the document on file
> Clarence Maddox, Clerk,
> U.S. District Court
> Southern District of Florida
> By _____ Deputy Clerk
> Date 05/16/2000