UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 00-6229-CIV-UNGARO-BENAGES
Magistrate Judge Brown

BOEING EMPLOYEE'S CREDIT
UNION, a Washington corporation,

       Plaintiff,

vs.

P/V GLOBAL VILLAGE, O.N. 994536,
her engines, tackle and appurtenances,
In rem, and CHARLES E. THOMAS,
In personam,

       Defendants.
_____/

## MOTION FOR DEFAULT JUDGMENT AND ORDER OF SALE OF VESSEL

COMES NOW, the Plaintiff, BOEING EMPLOYEES' CREDIT UNION, by and through its undersigned counsel and respectfully moves the court for entry of Default Judgment and an Order for the sale of the pleasure vessel GLOBAL VILLAGE, O.N. 994536 and as grounds therefore states as follows:

1. On February 18, 2000 the United States Marshal arrested the P/V GLOBAL VILLAGE, O.N. 994536 her engines, tackle, equipment and appurtenances, by serving a Warrant of Arrest on the vessel. The subject vessel was seized, inventory taken and turned over to the Court Appointed Substitute Custodian.

NON-COMPLIANCE OF S.D. Fl. L.R. 7.1 AU



CASE NO. 00-6229-CIV-UNGARO-BENAGES
Magistrate Judge Brown
PAGE 2

2. Plaintiff has given notice of the action to the Defendant, CHARLES E. THOMAS on February 18, 2000 by mailing a copy of the verified complaint and its attachments, advising the Defendant the GLOBAL VILLAGE had been arrested and was in the custody of the Court pleading sale of the vessel, by certified mail-return requested, which was executed by the Defendant, CHARLES E. THOMAS on March 2, 2000.

3. Plaintiff again advised Defendant, CHARLES E. THOMAS on March 7, 2000, that neither the Court nor the Plaintiff had received a Claim of Owner nor any response to the verified complaint and advised CHARLES E. THOMAS that Plaintiff would move the Court for Default Judgment.

4. No Claim of Owner to the vessel was filed within ten (10) days after the arrest of the vessel, as required by Supplemental Rule C, public notice of the arrest and attachment was published in the Broward Daily Business Review on March 14, 2000.

5. A certified copy of the U.S. Coast Guard Abstract of Title indicates at the time of filing Plaintiff's action on February 16, 2000, the owner of the P/V GLOBAL VILLAGE, O.N. 994536 was and is CHARLES E. THOMAS and the only recorded lien against P/V GLOBAL VILLAGE is the Plaintiff's First Preferred Mortgage.

6. The Defendants have failed to serve an answer to the verified complaint within twenty (20) days after attachment was required by Supplemental Admiralty Rule B.

7. More than thirty (30) days have transpired since the arrest and attachment of the Defendant vessel and no responsive pleading of any nature whatsoever has been filed with the Clerk or served on counsel for the Plaintiff by or on behalf of the Defendant P/V GLOBAL VILLAGE or CHARLES E. THOMAS.

8. No other persons have filed claims against the pleasure vessel GLOBAL VILLAGE.

9. Neither the owner nor any person has appeared to claim the Defendant vessel or answer the verified complaint and all such persons are in default.

10. As a result of the foregoing the Clerk of Court entered a default against Defendant CHARLES E. THOMAS, in personam, a default against the P/V GLOBAL VILLAGE, O.N. 994536, in rem on April 17, 2000.

11. In the meantime, Defendant CHARLES E. THOMAS filed a Chapter 7 Bankruptcy Action in the United States Bankruptcy Court for the Southern District of Texas (Houston) Case No. 00-33156 on April 3, 2000.

12. The Plaintiff, BOEING EMPLOYEE'S CREDIT UNION became aware of the Bankruptcy Action and filed a response to the Bankruptcy Court Action, Notice of Filing this Clerk of Court's Default and Motion for Lift of Automatic Stay pursuant to 11 U.S.C. §362(d) on May 19, 2000 to the U.S. Bankruptcy Court for the Southern District of Texas (Houston).

13. No objections to Plaintiff's Motion to Lift Automatic Stay by any interested parties were filed with the Bankruptcy Court and after hearings were held in the matter the Bankruptcy Court entered its Order granting Plaintiff, BOEING EMPLOYEE'S CREDIT UNION'S Motion for Lift of Automatic Stay on August 21, 2000. The Order further provided this Court, the United States District Court for the Southern District of Florida, may proceed with this instant foreclosure Action and sale of the motor vessel GLOBAL VILLAGE and in the event the vessel sale exceeds the value of BOEING EMPLOYEE'S CREDIT UNION'S preferred maritime lien, the proceeds shall be deposited in the Bankruptcy Court.

CASE NO. 00-6229-CIV-UNGARO-BENAGES
Magistrate Judge Brown
PAGE 4

14. Supplemental Admiralty Rules B and C, in conjunction with Federal Rule of Civil Procedure 55, provide for the entry of Default Judgment when the requirements of the aforementioned rules are met. Neither the Defendants, the owner of the vessel or any other person has appeared to plea or otherwise defend the verified complaint against the Defendants despite actual notice of these proceedings and BOEING EMPLOYEES' CREDIT UNION is entitled to a judgment and default as a matter of law. The Promissory Note provides that Defendant CHARLES E. THOMAS agreed to pay the costs of collection incurred by Plaintiff including reasonable attorney's fees, foreclosure costs and other costs of collection, in addition to paying the balance due on the loan. Interest, costs and expenses continue to accrue and the vessel continues to deteriorate, to the prejudice of anyone who claims an interest in the vessel.

WHEREFORE, Plaintiff respectfully requests the Court (1) enter default judgment against the Defendant P/V GLOBAL VILLAGE, O.N. 994536, in rem, in the amount of $181,446.99 with accruing Attorney's fees, costs and interest; (2) condemn the P/V GLOBAL VILLAGE, its engines, tackles, equipment and appurtenances, in rem, to pay the demands of the Plaintiff and the vessel be ordered sold by the United States Marshal; (3) the Clerk of Court issue a Writ of Cenditione Exponas to the United States Marshal of this District for sale of the P/V GLOBAL VILLAGE, O.N. 994536, its engines, tackle, equipment and appurtenances, in rem, and the United States Marshal giving fifteen (15) days notice of the sale pursuant to law; and (4) Plaintiff BOEING EMPLOYEES CREDIT UNION be authorized to bid the amount of its judgment at such sale of the P/V GLOBAL VILLAGE, O.N. 994536.

CASE NO. 00-6229-CIV-UNGARO-BENAGES
Magistrate Judge Brown
PAGE 5

Respectfully submitted,

*[signature]*

NILS LINFORS, JR.
Florida Bar No. 193257

HORR, NOVAK & SKIPP, P.A.
Attorneys for Plaintiff
9100 South Dadeland Boulevard
One Datran Center - Suite 1104
Miami, Florida 33156
Telephone: (305)670-2525
Fax: (305) 670-2526

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11 day of September, 2000 to: Charles E. Thomas, 1516 SE Beltway 8, #1913, Pasadena, Texas 77503 and Lowell T. Cage, Esq., 5851 San Felipe, Suite 950, Houston, Texas 77057, (Trustee), and Ronald D. Haddox, Esq., 1215 N. Pruett, Baytown, Texas 77520 (Attorney for Debtor).

*[signature]*

NILS LINFORS, JR.
Florida Bar No. 193257